UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTRELLITA DE VENECIA, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC dba MR. COOPER; U.S. BANK NATIONAL ASSOCIATION, as trustee and successor in interest to Bank of America; NATIONAL ASSOCIATION, as trustee and successor in interest to Lasalle Bank National Association, as trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-RM4; THE MORTGAGE LAW FIRM, PLC; and DOES 1-50, inclusive,<br><br>            Defendants. | No.  2:20-cv-01330-JAM-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

     This matter is before the Court on Estrellita De Venecia's ("Plaintiff") Motion to Remand.  Mot. to Remand ("Mot."), ECF No. 6.  Nationstar Mortgage, LLC and U.S. Bank National Association ("Defendants") filed an opposition to Plaintiff's motion, Opp'n,

1   ECF No. 9, to which Plaintiff replied, Reply, ECF No. 11.  After

2   consideration of the parties' briefing on the motion and relevant

3   legal authority, the Court DENIES Plaintiff's Motion to Remand.[1]

4

5                          I.   BACKGROUND

6        Plaintiff, a citizen and resident of California, is the

7   owner of a property located at 8414 Center Parkway in Sacramento,

8   California.  Compl. ¶ 11, ECF No. 1.  In July 2006, Plaintiff

9   refinanced the loan on her property.  Compl. ¶ 13.  The loan was

10  assigned to Nationstar Mortgage LLC ("Nationstar") in November

11  2013.  Id.  Nationstar is a Delaware corporation with a principal

12  place of business in Texas.  Notice of Removal at 2-3, ECF No. 1.

13  Plaintiff defaulted on the loan and, on September 3, 2019,

14  Nationstar recorded a notice of trustee's sale.  Compl. ¶ 14.

15  Upon receiving notice, Plaintiff offered to sell the property at

16  a short sale.  Compl. ¶ 15.  Nationstar refused but agreed to

17  allow Plaintiff to pay off the full debt by selling the house at

18  a regular sale.  Id.  Plaintiff found a buyer and entered into a

19  contract with the buyer to sell the property to him for $280,000.

20  Compl. ¶ 16.

21       Around this time, Nationstar set a trustee's sale of the

22  property for January 7, 2020.  Compl. ¶ 17.  However, Nationstar

23  assured Plaintiff that the sale would be postponed to allow

24  Plaintiff to sell the property herself.  Id.  Nationstar agreed

25  to the closing date being set after the date set for the

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28  scheduled for October 13, 2020.

                              2

1  trustee's sale.  <u>Id.</u>  Nationstar approved of a February 10, 2020,

2  closing date—the same day on which the balance of Plaintiff's

3  loan was due.  Compl. ¶ 18.  The buyer's loan was in escrow on

4  January 24, 2020, and the buyer and Plaintiff intended to close

5  on January 28, 2020.  Compl. ¶ 19.  However, when the title

6  insurance company investigated the status of the property, it

7  discovered that the property had already been sold on January 7,

8  2020, to U.S. Bank National Association ("U.S. Bank") despite

9  Nationstar's assurances.  Compl. ¶ 20.  U.S. Bank is a national

10 bank with its principal place of business in Ohio.  Notice of

11 Removal at 3.  The property was sold to U.S. Bank for $219,626,

12 approximately $60,000 less than what Plaintiff was to receive

13 from the buyer.  Compl. ¶ 22.

14      Plaintiff filed suit against Defendants in Sacramento County

15 Superior Court on May 6, 2020.  <u>See</u> Compl.  Nationstar received a

16 copy of Plaintiff's complaint on June 16, 2020; U.S. Bank

17 received a copy on June 17, 2020; and The Mortgage Law Firm

18 received a copy on June 22, 2020.  Norby Decl. ¶¶ 3-5.

19 Defendants filed a timely notice of removal on July 2, 2020.  <u>See</u>

20 Notice of Removal, ECF No. 1; <u>see also</u> 28 U.S.C. § 1446(b); Fed.

21 R. Civ. Proc. 6(a).  The notice invoked the Court's diversity

22 jurisdiction, arguing (1) the Court should dismiss The Mortgage

23 Law Firm, a citizen of California, as fraudulently joined; and

24 (2) the amount in controversy exceeds $75,000.  Notice of Removal

25 at 2-4.  In response, Plaintiff filed a motion to remand.  <u>See</u>

26 Mot.

27 ///

28 ///

3

1                              II.   OPINION

2          A.   Judicial Notice

3          Defendants request that the Court take judicial notice of

4    (1) the docket for the state court action, Sacramento County

5    Superior Court Case No. 34-2020-00278176, and (2) the

6    declaration of non-monetary status filed by The Mortgage Law

7    Firm in the state court action on July 21, 2020.  Request for

8    Judicial Notice ("RJN"), ECF No. 10.  Plaintiff does not oppose

9    this request.  Rule 201 of the Federal Rules of Evidence allows

10   a court to take judicial notice of an adjudicative fact that is

11   "not subject to reasonable dispute," because it (1) "is

12   generally known within the trial court's territorial

13   jurisdiction"; or (2) "can be accurately and readily determined

14   from sources whose accuracy cannot reasonably be questioned."

15   Fed. R. Evid. 201(a)-(b).  This includes "undisputed matters of

16   public record . . . [like] documents on file in federal or

17   state courts."  Harris v. County of Orange, 682 F.3d 1126, 1132

18   (9th Cir. 2012).

19         The state court docket and declaration are the proper

20   subject of judicial notice.  Accordingly, Plaintiff's request

21   for judicial notice is GRANTED.

22         B.   Legal Standard

23         For a defendant to remove a civil case from state court, he

24   must prove the federal court has original jurisdiction over the

25   suit.  28 U.S.C. § 1441.  A federal court may exercise

26   jurisdiction over a case involving purely state law claims when

27   there is complete diversity between the parties and an amount in

28   controversy exceeding $ 75,000.  28 U.S.C. § 1332(a).  To

                                    4

satisfy Section 1332's diversity requirement, no plaintiff may
be a citizen of the same state as any defendant.  Id.  When a
case is removed on the basis of diversity jurisdiction, no
defendant may be a citizen of the state where Plaintiff brought
the suit.  28 U.S.C. § 1441(b)(2).

    A court will dismiss a fraudulently-joined defendant and
disregard its citizenship when determining whether the parties
are diverse.  McCabe v. General Foods Corp., 811 F.2d 1336, 1339
(9th Cir. 1986).  A joinder is fraudulent when (1) there is
actual fraud in the pleading of jurisdictional facts; or (2) a
plaintiff cannot establish a cause of action against the non-
diverse party in state court.  Id.  Courts do not often find
joinder fraudulent—the burden of persuasion is high and rests
squarely on defendants' shoulders.  Grancare, LLC v. Thrower by
and through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  A court
resolves "all disputed questions of fact and all ambiguities in
the controlling state law . . . in the plaintiff's favor."
Warner v. Select Portfolio Servicint, et al., 193 F. Supp. 3d
1132, 1135 (C.D. Cal. 2016).  After which, it must "appear to
near certainty" that joinder was fraudulent.  Diaz v. Allstate
Insur. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998).

    When a defendant adopts the second approach to showing
fraudulent joinder, he must prove plaintiff "fail[ed] to state a
cause of action against a resident defendant . . . [that] is
obvious according to the settled rules of the state."  Hunter v.
Philip Morris USA, 582 F.3d 1039, 1043-44 (9th Cir. 2008).
Courts do not take this obviousness requirement lightly.  If
there is even a "'possibility'" that a state court would find

5

1  that the complaint states a cause of action against any of the

2  [non-diverse] defendants," a federal court "must find the

3  defendant properly joined and remand the case to state court."

4  Grancare, LLC, 889 F.3d at 549 (emphasis and modification in

5  original).

6      C.   Analysis

7          1.   Fraudulent Joinder

8      The Mortgage Law Firm was the foreclosure trustee for

9  Plaintiff's home loan.  Compl. ¶ 6.  Plaintiff alleges eight of

10  nine causes of action against it for: (1) wrongful foreclosure;

11  (2) fraud; (3) intentional interference with prospective

12  economic advantage; (4) intentional interference with

13  contractual relations; (5) unjust enrichment; (6) breach of the

14  covenant of good faith and fair dealing; (7) violation of

15  Business and Professions Code § 17200 et seq.; and (8) elder

16  financial abuse.  See generally Compl.  The underlying wrong

17  alleged is that the firm, as trustee, sold her home for

18  Nationstar on January 7, 2020, and did not notify her that it

19  did so.  See Compl. ¶¶ 28, 31, 37, 66, 80, 81, 95.

20      There is no dispute that Plaintiff and The Mortgage Law

21  Firm are both citizens of California.  Instead, the issue is

22  whether The Mortgage Law Firm's citizenship destroys diversity.

23  Plaintiff argues that it does.  Mot. at 6-9.  Defendants argue

24  that it does not as The Mortgage Law Firm was fraudulently

25  joined.  See Notice of Removal at 2-4; Opp'n at 2-5.  The firm's

26  involvement in the foreclosure of Plaintiff's home was so

27  limited that Plaintiff cannot state a viable claim for relief

28  against it.  Id.  Thus, its citizenship should be ignored, and

1  complete diversity exists between the remaining parties.  Id.
2  The Court agrees.

3      The firm acted only as the foreclosure trustee.  Compl.
4  ¶ 6.  Its role was merely to record the notice of default and
5  trustee's sale and to re-convey the property after the sale.
6  See generally Cal. Civ. Code § 2924 et seq.  "The trustee in
7  nonjudicial foreclosure is not a true trustee with fiduciary
8  duties, but rather a common agent for the trustor and
9  beneficiary."  Pro Value Properties, Inc. v. Quality Loan
10  Service Corp., 170 Cal.App.4th 579, 583 (2009) (internal
11  quotation marks and citation omitted).  The trustee's duties are
12  exclusively defined by the deed of trust and the governing
13  statutes.  Id.  "No other common law duties exist."  Id.

14      Foreclosure trustees with similarly limited involvement in
15  foreclosure proceedings are routinely deemed fraudulently-joined
16  defendants where the plaintiff has failed to allege a violation
17  of the statutory or contractual duties owed to her by the
18  foreclosure trustee.  See, e.g., Sherman v. Wells Fargo Bank,
19  N.A., 2011 WL 1833090 at *2–3 (E.D. Cal. 2011) (finding the
20  foreclosure trustee fraudulently joined where the complaint did
21  not allege it violated any statutory or contractual duties owed
22  to plaintiffs); Ogamba v. Wells Fargo Bank, N.A., 2017 WL
23  4251124 at *3 (E.D. Cal. 2017) (finding the foreclosure trustee
24  fraudulently joined where the complaint alleged no violation of
25  its statutory duties, which are limited to foreclosing on a
26  defaulted mortgage loan and re-conveying the deed of trust);
27  Kelley v. Caliber Home Loans, Inc., 2018 WL 2064633 at *3 (E.D.
28  Cal. 2018) (finding foreclosure trustee defendant fraudulently

1  joined where its only role was recording notices of default and

2  trustee's sale, and re-conveying the property after the sale).

3      As in Sherman, Ogamba, and Kelley, The Mortgage Law Firm's

4  only role was to record the notices of default and trustee's

5  sale, and to re-convey the property after the sale.  The

6  complaint does not allege that The Mortgage Law Firm violated

7  any of these limited statutory duties.  See generally Compl.

8  Insofar as Plaintiff argues in her motion that The Mortgage Law

9  Firm violated its statutory duties pursuant to California Civil

10  Code § 2924.12(b), see Mot. at 8, this argument fails.  The

11  recording of a notice of default and trustee sale are privileged

12  acts, upon which no tort claim, other than malicious

13  prosecution, may be based.  See Cal. Civ. Code § 2924(d)(1)

14  ("[t]he mailing, publication, and delivery of notices as

15  required by this section" shall constitute privileged

16  communications pursuant to Section 47); see also Kachlon v.

17  Markowitz, 168 Cal.App.4th 316, 333 (2008) ("We hold that

18  section 2924 deems the statutorily required mailing,

19  publication, and delivery of notices in  nonjudicial

20  foreclosure, and the performance of statutory nonjudicial

21  foreclosure procedures, to be privileged communications under

22  the qualified common-interest privilege of section 47,

23  subdivision (c)(1).").

24      Plaintiff does not assert The Mortgage Law Firm took any

25  wrongful action beyond recording the notice of default and re-

26  conveying the property after the sale, both of which are

27  privileged acts.  Moreover, Plaintiff has presented no facts to

28  suggest The Mortgage Law Firm acted with malice.  See Kachlon,

168 Cal.App.4th at 344 ("Mere negligence in making a sufficient inquiry into the facts on which the statement was based does not, of itself, relinquish the privilege.  Mere inadvertence or forgetfulness, or careless blundering, is no evidence of malice.") (internal quotation marks and citation omitted).  Thus, "[t]he substance of Plaintiff's claims is therefore truly directed at the other Defendants[,]" not the firm.  Kelley, 2018 WL 2064633 at *4.  Plaintiff cannot possibly allege a cause of action against it.  As a result, The Mortgage Law Firm is a fraudulently-joined defendant and, without it, complete diversity of citizenship exists.

   To the extent Plaintiff argues that the case should be remanded because The Mortgage Law Firm has not consented to removal, that argument is also without merit.  The removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  However, "[a] narrow exception to the unanimity rule is recognized where removal consent is not obtained from 'nominal, unknown or fraudulently joined parties.'"  Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009) (quoting United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002)).

   The Mortgage Law Firm is a fraudulently-joined defendant and has filed a declaration of non-monetary status in the state court action.  See Ex. 1 to RJN, ECF No. 10-1; Ex. 2 to RJN, ECF No. 10-2; see also Hafiz, 652 F.Supp.2d at 1052 ("When a trustee under a deed of trust files a declaration of non-monetary status, the party is transformed into a 'nominal' party, thus

1   excusing it from participating in the action.") (citing Cal.

2   Civ. Code § 2924l).  Thus, The Mortgage Law Firm's consent was

3   not necessary.

4           2.   Amount in Controversy

5       Plaintiff also argues that Defendants have failed to

6   establish the amount in controversy exceeds the $75,000 required

7   to remain in federal court.  Mot. at 9.  Plaintiff contends that

8   because she had contracted to sell her home for $280,000 and,

9   instead, her home was sold in the foreclosure sale for $219,000,

10  that the amount in controversy is only around $60,000.  Id.

11      However, where injunctive relief is sought, "it is well

12  established that the amount in controversy is measured by the

13  value of the object of the litigation." Cohn v. Petsmart, Inc.,

14  281 F.3d 837, 840 (9th Cir. 2002) (internal quotation marks and

15  citation omitted).  In actions challenging the nonjudicial

16  foreclosure of real property by the lender pursuant to a

17  borrower's default, the value of the object of the litigation is

18  measured by either the value of the underlying loan or the value

19  of the property securing the loan.  See, e.g., Gardner v.

20  Nationstar Mortgage, LLC, 2014 WL 7239496 at *2 (E.D. Cal.

21  2014).  Here, Plaintiff requests injunctive relief, see Compl.

22  at 19, and the property was sold to U.S. Bank for $219,000, see

23  Compl. ¶¶ 22, 73.  Thus, the amount in controversy is well above

24  the statutorily required $75,000.

25      D.   Sanctions

26      Plaintiff exceeded the Court's 5-page limit on reply

27  memoranda.  See Reply; see also Order re Filing Requirements

28  (Order), ECF No. 2-2.  Violations of the Court's standing order

require the offending counsel (not the client) to pay $50 per
page over the page limit to the Clerk of the Court.  Order at 1.
Moreover, the Court will not consider arguments made past the
page limit.  Id.  In total, Plaintiff's reply memorandum exceeded
the Court's page limit by 3 pages.  Plaintiff's counsel must
therefore send a check payable to the Clerk for the Eastern
District of California for $150.00 no later than seven days from
the date of this order.


                         III.   ORDER

     For the reasons set forth above, The Mortgage Law Firm is
DISMISSED as a defendant and the Court DENIES Plaintiff's Motion
to Remand.

     IT IS SO ORDERED.
Dated: December 14, 2020

                                   _____
                                   JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT JUDGE

11